**UNITED STATES of America**

v.

**Alphonso Marvin TINDAL, Jr., a/k/a Bo Alphonso Tindal, Appellant.**

**No. 08–4703.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Nov. 16, 2009.

Opinion filed: Dec. 18, 2009.

Karen L. Newton, Esq., Office of United States Attorney, Philadelphia, PA, for United States of America.

Mark S. Greenberg, Esq., Lacheen Wittels & Greenberg, Philadelphia, PA, for Appellant.

Before: AMBRO, ALDISERT, and ROTH, Circuit Judges.

## OPINION

AMBRO, Circuit Judge.

Alphonso Marvin Tindal, Jr. contends that the District Court erred during *voir dire* by denying his motion to strike the jury panel based on a comment made by one venireperson. We affirm Tindal's conviction.[1]

### I.

In June 2008, Tindal was convicted after a two-day jury trial of one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). He was sentenced to 180 months' imprisonment.

During *voir dire*, the District Court posed the following question to the prospective jurors: "[H]ave any of you ever served as a juror in a case involving unlawful possession of a firearm, or any other case involving firearms? Prior jury service in a case involving unlawful possession of a firearm or any other case involving firearms?" Several prospective jurors raised their hands in response.

The first venireperson to respond, Prospective Juror 31, stated that she had served previously as an alternate in a case involving a victim killed by a firearm. The Court next called on Prospective Juror 52, who stated, "I apologize. I misheard the first part of the question. I have been involved in gun cases several times. I'm a police officer. I was injured by a felon with a gun and that's the reason why I'm a former police officer now." This comment is the basis for Tindal's appeal.

In response to this remark, the Court instructed Prospective Juror 52 to "talk about jury service" and inquired whether he had ever served as a juror in a case involving firearms. Prospective Juror 52 replied that he had not, and explained, "I misunderstood the question. When I raised my hand, I didn't hear the jury part. I just heard the case about—being a case with a weapon. I apologize for that."

Defense counsel immediately requested a sidebar and moved for a new panel based on Prospective Juror 52's remark. Counsel argued that the statement injected a "very prejudicial fact" in front of the prospective jury panel. The District Court denied the motion, stating that it would instead consider giving a cautionary or limiting instruction. In any event, Prospective Juror 52 did not serve on Tindal's jury.

Following this sidebar, the Court gave an instruction cautioning the venirepersons to answer the question asked and to ask the Court to repeat a question if necessary. Later in *voir dire*, the Court provided the following curative instruction:

> At the beginning of this voir dire examination, one of the prospective jurors made reference to the use of a weapon and an injury resulting from the use of a weapon. That has absolutely nothing

---

1. The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291.

whatsoever to do with this case. Nothing at all. The statement was made, I'm certain it was inadvertent, but it was made, and now my question for you: Are there any of you who heard that statement, and who would not be able to put that statement out of their minds, if they are selected to serve as a juror in this case?

No venireperson responded yes.

At another time during *voir dire*, the Court asked, "If you are selected to sit on this case, are there any of you who will be unable to render a verdict solely on the evidence presented at trial under the law as I instruct you, disregarding any other ideas, notions, or beliefs about the law?" No panel member indicated he or she could not. Similarly, no venireperson indicated that he or she could not follow the Court's instruction to treat the testimony of law enforcement officers the same way as the testimony of other witnesses.

Following the jury verdict, Tindal moved for a new trial, based in part on Prospective Juror 52's statement during *voir dire*. The Court denied the motion.

## II.

The Sixth Amendment right to a jury trial "guarantees to the criminally accused a fair trial by a panel of impartial, 'indifferent' jurors." *Irvin v. Dowd*, 366 U.S. 717, 722, 81 S.Ct. 1639, 6 L.Ed.2d 751 (1961). An impartial jury consists of "jurors who will conscientiously apply the law and find the facts." *Wainwright v. Witt*, 469 U.S. 412, 423, 105 S.Ct. 844, 83 L.Ed.2d 841 (1985).

We review a District Court's denial of a motion to strike a jury panel for abuse of discretion. *United States v. Jones*, 566 F.3d 353, 358–59 (3d Cir.2009). *Cf. United States v. Salamone*, 800 F.2d 1216, 1226 (3d Cir.1986) (noting that the "factual determination by the trial court whether a juror can in fact serve impartially is enti-

tled to 'special deference' ") (*quoting Patton v. Yount*, 467 U.S. 1025, 1038, 104 S.Ct. 2885, 81 L.Ed.2d 847 (1984)). "We will determine that a district court abused its discretion when a defendant demonstrates clearly that the jurors possessed such fixed opinions that they could not judge impartially the guilt of the defendant." *Jones*, 566 F.3d at 358–59 (internal quotations marks, citations, and alteration omitted).

Tindal "does not attempt to suggest that any particular juror was biased," *id.* at 360–61, but instead advances only generalized speculation that Prospective Juror 52's remark tainted the entire jury panel. Jurors are presumed to be impartial and to follow the District Court's instructions. *See Irvin*, 366 U.S. at 723, 81 S.Ct. 1639 (discussing the "presumption of a prospective juror's impartiality"); *Penry v. Johnson*, 532 U.S. 782, 799, 121 S.Ct. 1910, 150 L.Ed.2d 9 (2001) (noting that "[w]e generally presume that jurors follow their instructions"). These presumptions are not rebutted in this case.

The Court asked the panel members if they could render a verdict based solely on the evidence presented at trial. No venireperson indicated he or she could not. When the Court asked the panel members whether they could put Prospective Juror 52's statement out of their minds, not one venireperson indicated he or she could not.

While Tindal argues the remark was especially inflammatory because his conviction turned in large part on the jury's credibility assessment of law enforcement officials and an informant working with law enforcement, any reasonably astute prospective juror would realize that police officers can be injured by felons with firearms. The remark did not involve Tindal's guilt or innocence or the facts of the case. The Court conducted further *voir dire* questioning to ensure that the panel had

not been influenced by the comment, and found the jurors to be impartial. Tindal's speculation to the contrary is unavailing, and we therefore hold that the District Court did not abuse its discretion. As such, we affirm.